# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| **EMILY DACK, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 4:20-cv-00615-BCW** |
| **VOLKSWAGEN GROUP OF AMERICA, INC., et al.,** | |
| **Defendants.** | |

## VOLKSWAGEN GROUP OF AMERICA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Volkswagen Group of America, Inc. ("VWGoA"), by counsel, states as follows for its Answer to Plaintiffs' Class Action Complaint ("CAC"):

1.     VWGoA denies the allegations of Paragraph "1" of the CAC, except admits that Plaintiffs purport to allege this action as such.

2.     VWGoA denies the allegations of Paragraph "2" of the CAC.

3.     VWGoA denies the allegations of Paragraph "3" of the CAC, except admits that the quoted portion of the allegation is an accurate partial quote from the referenced website, and refers to the referenced website for its complete contents.

4.     VWGoA denies the allegations of Paragraph "4" of the CAC.

5.     VWGoA denies the allegations of Paragraph "5" of the CAC.

6.     VWGoA denies the allegations of Paragraph "6" of the CAC.

7.     VWGoA denies the allegations of Paragraph "7" of the CAC.

8.     VWGoA denies the allegations of Paragraph "8" of the CAC, except denies knowledge or information sufficient to form a belief with regard to the unspecific alleged

communications, the content, time and place of which are not identified, purported to be made by or between persons who are also not identified, and specifically denies the existence of any defect in the front assist feature.

9.     VWGoA denies the allegations of Paragraph "9" of the CAC, and states that it has not issued a recall of the subject vehicles because there is no defect in the subject vehicles' front assist feature.

10.     VWGoA denies the allegations of Paragraph "10" of the CAC, except admits that it received a letter dated July 24, 2020 from Plaintiffs' counsel, refers to the letter for its content, and denies the allegations contained in the letter.

11.     VWGoA denies the allegations of Paragraph "11" of the CAC.

12.     VWGoA denies the allegations of Paragraph "12" of the CAC.

13.     VWGoA denies the allegations of Paragraph "13" of the CAC.

14.     VWGoA denies the allegations of Paragraph "14" of the CAC.

15.     VWGoA states that the allegations of Paragraph "15" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court. In the event a response is required, VWGoA denies that this action can or should be certified as a class action under Fed. R. Civ. P. 23 and denies that this Court has subject matter jurisdiction over certain claims including the Magnuson-Moss Warranty Act claims.

16.     VWGoA states that the allegations of Paragraph "16" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court. In the event a response is required, VWGoA denies any alleged events or omissions that Plaintiffs allege to give rise to this action.  In the event a response is required, VWGoA denies the allegations

of Paragraph "16" of the CAC, except that VWGoA states that in this action it is not contesting venue in this Court.

17.     VWGoA states that the allegations of Paragraph "17" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court. In the event a response is required, VWGoA is not contesting personal jurisdiction with regard to the two remaining named Plaintiffs whose claims were not dismissed by this Court on jurisdictional grounds, Emily Dack and Kim Hensley-Hauser.

18.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "18" of the CAC.

19.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "19" of the CAC.

20.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "20" of the CAC, except denies that Ms. Dack had any discussions with VWGoA about the vehicle's features.

21.     VWGoA denies the allegations of Paragraph "21" of the CAC, except denies that the front assist feature contains any defect.

22.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "22" of the CAC.

23.     VWGoA denies the allegations of Paragraph "23" of the CAC, and that the front assist feature contains any defect.

24.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "24" of the CAC.

25.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "25" of the CAC.

26.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "26" of the CAC, except denies that Ms. Hensley-Hauser had any discussions with VWGoA employees about the vehicle's features.

27.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "27" of the CAC, except denies that Ms. Hensley-Hauser had any discussions with VWGoA employees about the vehicle's features.

28.     VWGoA denies the allegations of Paragraph "28" of the CAC.

29.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "29" of the CAC.

30.     VWGoA denies the allegations of Paragraph "30" of the CAC and that the front assist feature had any defect.

31 through 112:  VWGoA states that no response Paragraphs "31" through "112" of the CAC is required because these allegations relate to previously named Plaintiffs whose claims were dismissed in this Court's Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, VWGoA denies said allegations and denies that the front assist feature contains any defect."

113.     VWGoA admits the allegations of Paragraph "113" of the CAC.

114.     VWGoA admits the allegations of Paragraph "114" of the CAC insofar as they are directed to VWGoA, and need not respond to allegations directed to other parties.

115.     VWGoA states that Paragraph "115" of the CAC makes no allegation concerning VWGoA and, accordingly, calls for no responsive pleading from VWGoA.

116.     VWGoA states that Paragraph "116" of the CAC makes no allegation concerning VWGoA and, accordingly, calls for no responsive pleading from VWGoA, except VWGoA is a separate and distinct corporation and denies that it is appropriate to lump it together with other parties under a purported title name in improper "group pleading" allegations.

117.     VWGoA denies the allegations of Paragraph "117" of the CAC insofar as they are directed to VWGoA, and need not respond to allegations directed to other parties, except admits that VWGoA marketed, and distributed to authorized dealerships, the subject vehicles.

118.     VWGoA denies the allegations of Paragraph "118" of the CAC as alleged, except admits that VWGoA advertised, marketed, and distributed to authorized dealerships, the subject vehicles.

119.     VWGoA denies the allegations of Paragraph "119" of the CAC.

120.     VWGoA denies the allegations of Paragraph "120" of the CAC insofar as they are directed to VWGoA, and need not respond to allegations directed to other parties, except admits that VWGoA marketed, and distributed to authorized dealerships, the subject vehicles.

121.     VWGoA denies the allegations of Paragraph "121" of the CAC as stated, except admits that it provides certain input for owners' manuals, and that an owner's manual and warranty and maintenance booklet accompanies the sale or lease of new Volkswagen vehicles including the subject vehicles.  VWGoA respectfully refers to the subject vehicles' owners' manuals for their content.

122.     VWGoA denies the allegations of Paragraph "122" of the CAC on the ground that they are vague and purport to state a legal conclusion, which is respectfully referred to the Court.

123.     VWGoA denies the allegations of Paragraph "123" of the CAC.

124. VWGoA denies the allegations of Paragraph "124" of the CAC, and specifically denies the existence of any defect in the front assist feature.

125. VWGoA admits the allegations of Paragraph "125" of the CAC.

126. VWGoA admits that Paragraph "126" of the CAC accurately reflects a portion of the referenced web page, and refers to that web page for its complete contents.

127. As and for its response to the allegations of Paragraph "127" of the CAC VWGoA denies that this action, and any putative classes alleged by plaintiffs, fulfills the requirements for a class action under Fed. R. Civ. P. 23, and further states that plaintiffs' alleged putative class purports to include all vehicles that contain "the front assist feature."

128. VWGoA admits the allegations of paragraph "128" of the CAC.

129. VWGoA denies the allegations of Paragraph "129" of the CAC, except admits that the front assist feature was available in certain MY 2016 Volkswagen vehicles.

130. VWGoA denies the allegations of Paragraph "130" of the CAC.

131. VWGoA admits the allegations of Paragraph "131" of the CAC, except denies that the front assist feature was available as an option in MY 2018 Tiguan SE trim vehicles.

132. VWGoA admits the allegations of Paragraph "132" of the CAC.

133. VWGoA admits the allegations of Paragraph "133" of the CAC, except denies that the front assist feature was option in MY 2019 Tiguan SE trim vehicles.

134. VWGoA admits the allegations of Paragraph "134" of the CAC.

135. VWGoA admits that the quoted portion of the allegation is an accurate partial quote from the referenced website, and refers to the referenced website for its complete contents.

136. VWGoA denies the allegations of Paragraph "136" of the CAC.

137.     As and for an Answer to Paragraph "137" of the CAC, VWGoA denies that the front assist features in the putative class vehicles were not adequately researched, designed, tested and manufactured prior to the vehicles' marketing, distribution and sale, and VWGoA states that the front assist features in said vehicles were adequately researched, designed, tested and manufactured and that the putative class vehicles were and are suitable for their intended use.

138.     As and for an Answer to Paragraph "138" of the CAC, VWGoA denies that it was the designer or manufacturer of the subject vehicles or their front assist feature, and therefore need not further respond to these allegations as addressed to other parties.

139.     VWGoA denies the allegations of Paragraph "139" of the CAC insofar as they are directed to VWGoA.  To the extent the allegations are directed at other defendants, VWGoA states that it need not respond.

140.     VWGoA denies the allegations of Paragraph "140" of the CAC insofar as they are directed to VWGoA.  To the extent the allegations are directed at other defendants, VWGoA states that it need not respond.

141.     VWGoA denies the allegations of Paragraph "141" of the CAC.

142.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "142" of the CAC on the grounds that they are completely vague and unspecified, and fail to identify or provide the source, recipient, time, place and any details whatsoever concerning any purported "complaints" alleged to have been made to an authorized dealer and the purported response to any such "complaints," except denies the existence of any defect in or malfunctioning of the front assist feature.

143.     VWGoA denies the allegations of Paragraph "143" of the CAC, except admits that a written New Vehicle Limited Warranty ("NVLW") accompanies the sale or lease of new

Volkswagen vehicles, and with respect to any particular vehicle, VWGoA refers to the applicable NVLW for its terms, conditions, limitations and duration.

144.    As and for an Answer to Paragraph "144" of the CAC, VWGoA denies that the quoted language is or constitutes any "warranty," except admits that the quoted language is accurate.

145.    VWGoA denies the allegations of Paragraph "145" of the CAC on the grounds that they are vague, completely unspecified, and fail to identify or provide any details of what is being referred to or any advertisements or communications, except admits that the subject vehicles are safe and reliable.

146.    VWGoA denies the allegations of Paragraph "146" of the CAC.

147.    VWGoA denies the allegations of Paragraph "147" of the CAC.

148.    VWGoA denies the allegations of Paragraph "148" of the CAC, and expressly denies the existence of any defect in the front assist feature, except denies knowledge or information sufficient to form a belief as to what "all automobile manufacturers routinely" do, admits that the ODI is an office within the NHTSA that could conduct investigations and administers safety recalls, and admits that certain anonymous persons, whose vehicles were not identified by VIN, posted complaints about certain alleged experiences, and VWGoA respectfully refers to said postings for their specific content.

149.    VWGoA denies the allegations of Paragraph "149" of the CAC, and denies that the front assist feature of subject vehicles contains any defect, denies that VWGoA had any "prior knowledge" of a defect, and denies that the front assist feature places any "financial burden" on consumers, except admits that certain anonymous third-parties made complaints to NHTSA, and VWGoA respectfully refers to any such filings for their content.

150. VWGoA denies the allegations of Paragraph "150" of the CAC, and denies that this action, and plaintiffs' alleged putative class, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

151. VWGoA denies the allegations of Paragraph "151" of the AC, and denies that this action, and plaintiffs' alleged putative subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23. In addition, VWGoA further denies these allegations because the remaining named Plaintiffs do not reside and did not purchased their subject vehicles in the states of these alleged putative subclasses and therefore cannot be putative representatives of said alleged subclasses.

152. VWGoA states that Paragraph "152" of the CAC, which purports to allege how Plaintiffs wish to characterize certain terms, makes no allegations against VWGoA and therefore requires no response. To the extent a response is required, VWGoA denies the allegations in this paragraph and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

153. VWGoA states that Paragraph "153" of the CAC, which purports to allege how Plaintiffs wish to characterize certain terms, makes no allegations against VWGoA and therefore requires no response. To the extent a response is required, VWGoA denies the allegations in this paragraph and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23."

154. VWGoA denies the allegations of Paragraph "154" of the CAC, and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

155.    a-l.  VWGoA denies the allegations of Paragraph "155" of the CAC, and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

156.    VWGoA denies the allegations of Paragraph "156" of the CAC, and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

157.    VWGoA denies the allegations of Paragraph "157" of the CAC, and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

158.    VWGoA denies the allegations of Paragraph "158" of the CAC, and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

159.    VWGoA denies the allegations of Paragraph "159" of the CAC, and denies that this action, and plaintiffs' alleged putative class and subclasses, satisfy the requirements for a class action under Fed. R. Civ. P. 23.

## RESPONSE TO CAUSES OF ACTION

### COUNT I

160.    As and for its response to Paragraph "160" of the CAC, VWGoA repeats, reiterates and realleges its responses to Paragraphs 1 through 159 of the CAC as if more fully set forth herein.

161.    VWGoA states that the allegations of Paragraph "161" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court.

162.    VWGoA states that the allegations of Paragraph "162" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court.

163.     VWGoA states that the allegations of Paragraph "163" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court.

164.     VWGoA states that the allegations of Paragraph "164" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court, except admits that a written NVLW accompanies the sale or lease of new Volkswagen vehicles, and with respect to any particular vehicle, VWGoA refers to the applicable NVLW for its terms, conditions, limitations and durations.

165.     As and for its response to Paragraph "165" of the CAC, VWGoA admits that a written New Vehicle Limited Warranty ("NVLW") accompanied the sale or lease of new subject vehicles, and respectfully refers to the NVLWs for their terms, conditions, limitations and durations.

166.     VWGoA denies the allegations of Paragraph "166" of the CAC, and denies that the quoted language is or constitutes a "warranty," except admits that the quote contained therein is accurate.

167.     VWGoA denies the allegations of Paragraph "167" of the CAC, and refers to the subject vehicles' NVLWs for their contents, except admits that the subject vehicles are safe, high quality and function properly.

168.     VWGoA denies the allegations of Paragraph "168" of the CAC, except admits that a written NVLW accompanies the sale or lease of new Volkswagen vehicles, and with respect to any particular vehicle, VWGoA refers to the applicable NVLW for its terms, conditions, limitations and durations.

169.     VWGoA denies the allegations of Paragraph "169" of the CAC.

170.     VWGoA states that the allegations of Paragraph "170" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court.

171.     VWGoA denies the allegations of Paragraph "171" of the CAC.

172.     VWGoA denies the allegations of Paragraph "172" of the CAC.

173.     VWGoA denies the allegations of Paragraph "173" of the CAC.

174.     VWGoA denies the allegations of Paragraph "174" of the CAC.

**Count II**

175.     As and for its response to Paragraph "175" of the CAC, VWGoA repeats, reiterates and realleges its responses to Paragraphs 1 through 174 of the CAC as if more fully set forth herein.

176.     VWGoA states that the allegations of Paragraph "176" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court. VWGoA further respectfully refers to the MMPA for its specific language.

177.     VWGoA admits that the allegations of Paragraph "177" of the CAC accurately reflect a partial quote of the website referenced in footnote 2 of the CAC, and respectfully refers to that website for its complete contents.

178.     VWGoA denies the allegations of Paragraph "178" of the CAC.

179.     denies the allegations of Paragraph "179" of the CAC.

180.     VWGoA denies the allegations of Paragraph "180" of the CAC.

181.     VWGoA denies the allegations of Paragraph "181" of the CAC.

182.     VWGoA denies the allegations of Paragraph "182" of the CAC.

183.     VWGoA denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "183" of the CAC.

184.     VWGoA denies the allegations of Paragraph "184" of the CAC.

185. VWGoA denies the allegations of Paragraph "185" of the CAC.

186. VWGoA denies the allegations of Paragraph "186" of the CAC.

## Count III

187 through 197:  VWGoA states that no response to Count III (Paragraphs "187" through "197") of the CAC is required because the Court dismissed Count III in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count IV

198 through 203:  VWGoA states that no response to Count IV (Paragraphs "198" through "203") of the CAC is required because the Court dismissed Count III in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count V

204. As and for its response to Paragraph "204" of the CAC, VWGoA repeats, reiterates and realleges its responses to Paragraphs 1 through 203 of the AC as if more fully set forth herein.

205. VWGoA denies the allegations of Paragraph "205" of the CAC.

206. VWGoA denies the allegations of Paragraph "206" of the CAC.

207. VWGoA denies the allegations of Paragraph "207" of the CAC.

208. VWGoA denies the allegations of Paragraph "208" of the CAC.

209. VWGoA denies the allegations of Paragraph "209" of the CAC.

210. VWGoA denies the allegations of Paragraph "210" of the CAC.

## Count VI

211 through 220:  VWGoA states that no response to Count VI (Paragraphs "211" through "220") of the CAC is required because the Court dismissed Count VI in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count VII

221 through 228:  VWGoA states that no response to Count VII (Paragraphs "221" through "228") of the CAC is required because the Court dismissed Count VII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count VIII

229 through 235:  VWGoA states that no response to Count VIII (Paragraphs "229" through "235") of the CAC is required because the Court dismissed Count VIII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count IX

236 through 241:  VWGoA states that no response to Count IX (Paragraphs "236" through "241") of the CAC is required because the Court dismissed Count IX in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count X

242 through 248:  VWGoA states that no response to Count X (Paragraphs "242" through "248") of the CAC is required because the Court dismissed Count X in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XI

249 through 261:  VWGoA states that no response to Count XI (Paragraphs "249" through "261") of the CAC is required because the Court dismissed Count Xi in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XII

262 through 267:  VWGoA states that no response to Count XII (Paragraphs "262" through "267") of the CAC is required because the Court dismissed Count XII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XIII

268 through 276:  VWGoA states that no response to Count XIII (Paragraphs "268" through "276") of the CAC is required because the Court dismissed Count XIII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XIV

277 through 288:  VWGoA states that no response to Count XIV (Paragraphs "277" through "288") of the CAC is required because the Court dismissed Count XIV in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XV

289 through 302:  VWGoA states that no response to Count XV (Paragraphs "289" through "302") of the CAC is required because the Court dismissed Count XV in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XVI

303 through 308:  VWGoA states that no response to Count XVI (Paragraphs "303" through "308") of the CAC is required because the Court dismissed Count XVI in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XVII

309 through 319: VWGoA states that no response to Count XVII (Paragraphs "309" through "319") of the CAC is required because the Court dismissed Count XVII in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XVIII

320 through 331: VWGoA states that no response to Count XVIII (Paragraphs "320" through "331") of the CAC is required because the Court dismissed Count XVIII in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XIX

332 through 337: VWGoA states that no response to Count XIX (Paragraphs "332" through "337") of the CAC is required because the Court dismissed Count XIX in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XX

338 through 342: VWGoA states that no response to Count XX (Paragraphs "338" through "342") of the CAC is required because the Court dismissed Count XX in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XXI

343 through 354: VWGoA states that no response to Count XXI (Paragraphs "343" through "354") of the CAC is required because the Court dismissed Count XXI in its Order dated

September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXII

355 through 360:  VWGoA states that no response to Count XXII (Paragraphs "355" through "360") of the CAC is required because the Court dismissed Count XXII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXIII

361 through 372:  VWGoA states that no response to Count XXIII (Paragraphs "361" through "372") of the CAC is required because the Court dismissed Count XXIII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXIV

373 through 384:  VWGoA states that no response to Count XXIV (Paragraphs "373" through "384") of the CAC is required because the Court dismissed Count XXIV in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXV

385 through 396:  VWGoA states that no response to Count XXV (Paragraphs "385" through "396") of the CAC is required because the Court dismissed Count XXV in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXVI

397 through 402: VWGoA states that no response to Count XXVI (Paragraphs "397" through "402") of the CAC is required because the Court dismissed Count XXVI in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XXVII

403 through 411: VWGoA states that no response to Count XXVII (Paragraphs "403" through "411") of the CAC is required because the Court dismissed Count XXVII in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XXVIII

412 through 423: VWGoA states that no response to Count XXVIII (Paragraphs "412" through "423") of the CAC is required because the Court dismissed Count XXVIII in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XXIX

424 through 429: VWGoA states that no response to Count XXIX (Paragraphs "424" through "429") of the CAC is required because the Court dismissed Count XXIX in its Order dated September 30, 2021 (*Dkt. 42*). In the event a response would be required, the allegations are denied.

## Count XXX

430 through 434: VWGoA states that no response to Count XXX (Paragraphs "430" through "434") of the CAC is required because the Court dismissed Count XXX in its Order dated

September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXI

435 through 445:  VWGoA states that no response to Count XXXI (Paragraphs "435" through "445") of the CAC is required because the Court dismissed Count XXXI in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXII

446 through 457:  VWGoA states that no response to Count XXXII (Paragraphs "446" through "457") of the CAC is required because the Court dismissed Count XXXII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXIII

458 through 463:  VWGoA states that no response to Count XXXIII (Paragraphs "458" through "463") of the CAC is required because the Court dismissed Count XXXIII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXIV

464 through 476:  VWGoA states that no response to Count XXXIV (Paragraphs "464" through "476") of the CAC is required because the Court dismissed Count XXXIV in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXV

477 through 488:  VWGoA states that no response to Count XXXV (Paragraphs "477" through "488") of the CAC is required because the Court dismissed Count XXXV in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXVI

489 through 495:  VWGoA states that no response to Count XXXVI (Paragraphs "489" through "495") of the CAC is required because the Court dismissed Count XXXVI in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXVII

496 through 502:  VWGoA states that no response to Count XXXVII (Paragraphs "496" through "502") of the CAC is required because the Court dismissed Count XXXVII in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

## Count XXXVIII

503.    As and for its response to Paragraph "503" of the CAC, VWGoA repeats, reiterates and realleges its responses to Paragraphs 1 through 502 of the CAC as if more fully set forth herein.

504.    VWGoA states that the allegations of Paragraph "504" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court.

505.    VWGoA states that the allegations of Paragraph "505" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court,

except denies that this action, and any alleged Kansas "class," satisfies the requirements for a class action under Fed. R. Civ. P. 23.

506.     VWGoA states that the allegations of Paragraph "506" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court. VWGoA further refers to the Kansas CPA for its specific language.

507.     VWGoA denies the allegations of Paragraph "507" of the CAC.

508.     VWGoA admits that the allegations of Paragraph "508" of the CAC accurately reflect a partial quote of the website referenced in footnote 2 of the CAC, and respectfully refers to that website for its complete contents.

509.     VWGoA denies the allegations of Paragraph "509" of the CAC.

510.     VWGoA denies the allegations of Paragraph "510" of the CAC, and denies that the subject vehicles' front assist feature contains any defect and denies that VWGoA misrepresented or omitted material facts.

511.     VWGoA denies the allegations of Paragraph "511" of the CAC.

512.     VWGoA denies the allegations of Paragraph "512" of the CAC.

513.     VWGoA denies the allegations of Paragraph "513" of the CAC.

514.     VWGoA denies the allegations of Paragraph "514" of the CAC.

## Count XXXIX

515 through 526:  VWGoA states that no response to Count XXXIX (Paragraphs "515" through "526") of the CAC is required because the Court dismissed Count XXXIX in its Order dated September 30, 2021 (*Dkt. 42*).  In the event a response would be required, the allegations are denied.

**Count XL**

527.     As and for its response to Paragraph "527" of the CAC, VWGoA repeats, reiterates and realleges its responses to Paragraphs 1 through 526 of the CAC as if more fully set forth herein.

528.     VWGoA states that the allegations of Paragraph "528" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court.

529.     VWGoA states that the allegations of Paragraph "529" of the CAC purport to state legal conclusions to which no response is required, and which are respectfully referred to the Court.

530.     VWGoA denies the allegations of Paragraph "530" of the CAC.

531.     VWGoA denies the allegations of Paragraph "531" of the CAC.

532.     VWGoA denies the allegations of Paragraph "532" of the CAC.

**Count XLI**

533.     As and for its response to Paragraph "533" of the CAC, VWGoA repeats, reiterates and realleges its responses to Paragraphs 1 through 532 of the CAC as if more fully set forth herein.

534.     VWGoA denies the allegations of Paragraph "534" of the CAC.

535.     VWGoA denies the allegations of Paragraph "535" of the CAC.

536.     VWGoA denies the allegations of Paragraph "536" of the CAC.

537.     VWGoA denies the allegations of Paragraph "537" of the CAC.

538.     VWGoA denies the allegations of Paragraph "538" of the CAC.

**<u>PRAYER FOR RELIEF</u>**

539.     VWGoA denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief of the CAC, or any other relief.

## GENERAL DENIAL

VWGoA denies all allegations, including but not limited to those that are not within numbered Paragraphs and/or not specifically admitted above, and without assuming any burden that does not otherwise exist as a matter of law, asserts the following affirmative defenses[1]:

## FIRST AFFIRMATIVE DEFENSE

The CAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs and putative class members lack legal standing to prosecute this action and/or assert the claims herein to the extent they have not satisfied the factual and legal requirements for a valid claim for relief and/or have not sustained a legally cognizable injury, damage, or loss sufficient to confer standing.

## THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members are barred by applicable state statutes of limitation and/or repose.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members may be barred by virtue of arbitration and/or class action waiver clauses in the purchase and/or leasing agreements for putative class vehicles.

## FIFTH AFFIRMATIVE DEFENSE

The implied warranty claims of Plaintiffs and putative class members are barred, to the extent the applicable state law requires privity, because they are not in privity with Defendant.

---

[1] Affirmative defenses will not be plead as to claims that this Court dismissed in its September 30, 2021 decision and order.

## SIXTH AFFIRMATIVE DEFENSE

Certain claims asserted by Plaintiffs and the putative class members are barred by the economic loss rule or doctrine that exists under applicable states' laws.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims for breach of implied warranty are barred because, and to the extent that, no failure of the vehicles' front assist features was presented to an authorized Volkswagen dealer during the time and mileage limitations of the applicable New Vehicle Limited Warranties and the implied warranty term is limited by the New Vehicle Limited Warranty term.

## EIGHTH AFFIRMATIVE DEFENSE

Certain claims for relief by Plaintiffs and putative class members, including implied warranty claims, are circumscribed by and/or excluded under the terms of the written New Vehicle Limited Warranties applicable to the subject vehicles.

## NINTH AFFIRMATIVE DEFENSE

All claims for incidental, consequential, loss of use, and loss of or diminution in value damages are barred by the valid exclusions of such damages in the subject vehicles' New Vehicle Limited Warranties, and/or otherwise, by applicable state law(s).

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members based on alleged omission(s), including statutory claims, are barred to the extent they did not reasonably rely upon any alleged omissions and/or the alleged omissions did not cause any cognizable injury alleged in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members based on alleged omission(s) are barred for lack of a duty to disclose under both the applicable facts and applicable state law(s).

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members are barred to the extent that any alleged injury, damage or loss resulted, in whole or in part, from abuse, neglect, environmental or other outside causes, lack of, improper and/or insufficient maintenance, and/or improper use and operation, of the subject vehicles and/or their component parts at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiffs and putative class members may be barred in whole or in part by their own improper and/or negligent, contributory or otherwise culpable conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

The acts or omissions of Plaintiffs, putative class members and/or third-parties over whom VWGoA had no control were the cause, and/or were an intervening and/or superseding cause, of any injury, damages or loss alleged in this action, thus barring Plaintiffs and the putative class from recovery against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members are barred to the extent they did not experience a failure or malfunction of a subject vehicle's front assist feature and/or a "manifestation" of the alleged defect(s).

## SIXTEENTH AFFIRMATIVE DEFENSE

The implied warranty claims of Plaintiffs and putative class members are barred because the subject vehicles were merchantable at the time of sale.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members' claims under the Missouri Merchandising Practices Act (MMPA) are barred because any alleged nonconformity does not substantially impair the use, market value, or safety of the subject vehicles.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members' MMPA claims are barred to the extent any failure or malfunction of the front assist feature is the result of abuse, neglect, unauthorized modifications or alterations of the subject vehicles.

## NINETEENTH AFFIRMATIVE DEFENSE

Putative class members who did not reside and/or purchase a subject vehicle in Missouri cannot assert, and have no valid basis for, a claim under the MMPA.

## TWENTIETH AFFIRMATIVE DEFENSE

Putative class members who did not reside and/or purchase a subject vehicle in Kansas cannot assert, and have no valid basis for, a claim under the Kansas Consumer Protection Act (KCPA).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs and members of the putative class have failed to mitigate their alleged injuries, damages or loss, if any, in the manner and to the extent required by applicable state law, any recovery must be barred or reduced in proportion to the amount attributable to their failure to mitigate.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and putative class members may be barred from asserting claims and/or requests for recovery in this action to the extent of any judgments or decisions rendered by any court or

tribunal relating to the same or similar claims they have asserted with respect to the subject vehicles, including preclusion under the doctrines of res judicata or collateral estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and putative class members may not seek and obtain equitable relief, including but not limited to claims for unjust enrichment, injunctive relief and any other type of equitable relief, because of their failure or inability to demonstrate the absence of an adequate alternative remedy at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members' claims for unjust enrichment are barred because their purchases or leases did not confer the required benefit upon Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members cannot seek and obtain injunctive relief because there is no, and they cannot demonstrate, an imminent threat of future harm required for injunctive relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members' claims for equitable relief are barred by the doctrine of unclean hands.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If any persons claiming to be members of the purported class have settled and/or released claims relating to the subject vehicles, they may be barred from asserting claims and/or requests for relief in this action by virtue of said settlement and release.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs and any putative class members have accepted accord and satisfaction in relation to their vehicles and/or the issues in this action, they are barred from recovery, in whole or in part, by the defense of accord and satisfaction.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

VWGoA is entitled to a set-off or reduction of damages, in the total amount of any sums recovered or otherwise received by or on behalf of Plaintiffs and putative class members, from any entity or source with respect to any damages for which they seek recovery in this action.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members are not entitled to recovery of reasonable attorney fees and expenses in this action because there is no agreement between the parties for same, and Plaintiffs and putative class members do not have valid claims under, and/or cannot satisfy the requirements for recovery of any attorney fees and expenses under, any applicable fee-shifting statute.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of plaintiffs and the putative class members are barred under the doctrines of primary jurisdiction and failure to exhaust administrative remedies to the extent the conduct alleged falls under the authority of any administrative or other agency that regulates defendant's actions.

## THIRY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and putative class members whose vehicles have been sold, transferred, destroyed, disposed of, altered, modified or otherwise changed from the conditions in which they

were sold, are barred from the claims and/or requests for damages or other relief alleged in this action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs and putative class members may be barred due to spoliation of evidence.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims for, and any award of, punitive damages, are barred because any award of exemplary or punitive damages in the present case may violate Defendant's rights of due process under the United States Constitution and any State Constitutions applicable to Plaintiffs and putative class members.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims for, and any award of, punitive damages violates Defendant's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article §§ 2, 10, 15, 18, 19 and 21 of the Missouri Constitution because the guidelines, standards and/or instructions for assessing exemplary or punitive damages are vague, indefinite, or uncertain, supply no notice to Defendant of the potential repercussions of its alleged conduct, set no limit on the damages that can be awarded, fail to require proof of every element beyond a reasonable doubt, are subject to the unbridled discretion of the jury, and do not allow adequate judicial review, thereby denying due process.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims for, and any award of, punitive damages violates Defendant's constitutional rights because the assessment of exemplary or punitive damages is criminal or penal in nature and therefore the rights given defendants in criminal proceedings are applicable.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims for, and any award of, punitive damages violates Defendant's constitutional rights because the assessment of exemplary or punitive damages amounts to the imposition of an excessive fine or cruel and unusual punishment.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The claims for, and any award of, punitive damages violates Defendant's constitutional rights because the assessment of exemplary or punitive damages exposes VWGoA to multiple punishments and fines for the same act and constitutes double jeopardy.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The claims for, and any award of, punitive damages would also violate Defendant's constitutional rights to equal protection under the law in the event that it is, in any way, based upon Defendant's corporate status or financial condition.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for, and any award of, punitive damages are barred because the alleged harm suffered was not the result of Defendant's acts or omissions, and such acts or omissions, if any, were not performed with malice, intent, or willfulness.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs and putative class members are barred, in whole or in part, because the vehicles at issue conformed with the state of the art, complied with all applicable federal, state, and local statutes and/or regulations, and complied with or exceeded all applicable industry standards and Federal Motor Vehicle Safety Standards at the time they were manufactured and sold.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members may be barred by the doctrine of laches.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members may be barred by the doctrines of waiver and/or estoppel.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and putative class members may be barred to the extent they have engaged in unlawful, inequitable or improper conduct or otherwise have unclean hands.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements for certification of a class under Fed. R. Civ. P. 23.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action because common questions of law and fact do not exist and/or are not sufficient to justify class treatment.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action because any alleged common questions do not predominate over individual factual and legal issues relating to the putative class members, their vehicles including their vehicles' uses, maintenance, service histories, accident histories, conditions and other factors, and the underlying individual facts and circumstances relating to their purchases, leases, what if anything was seen, read, heard or relied upon prior to purchase/lease of each vehicle, many other individual fact issues relative to each putative class member and each putative class vehicle, and their claims and applicable defenses to those claims.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action because any alleged common questions do not predominate over the individual issues relating to the many differing laws, legal requirements, burdens of proof, defenses, and underlying facts relating thereto, applicable to the putative class members' claims for liability, damages and other relief.

## FORTY-NINTH AFFIRMATIVE DEFENSE

A class action is not superior to other means of adjudicating the claims herein.

## FIFTIETH AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action due to intractable manageability problems.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action because there are no proper, legitimate, or suitable class-wide means of determining issues of liability and damages with respect to the putative class members' claims that would satisfy the applicable factual and legal standards for class certification.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action because Plaintiffs' claims are not typical of the classes they purport to represent.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action because the named Plaintiffs cannot adequately represent the putative classes they allege.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, who allegedly reside in Missouri, cannot legally and/or constitutionally represent the putative nationwide class and state sub-classes they allege in this action.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Prosecuting separate actions by individual putative class members would not create the risks enumerated in Fed. R. Civ. P. 23(b) such that class treatment would be needed.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

The putative class(es) alleged by Plaintiffs is/are not fairly ascertainable and/or is/are overly broad and not properly and sufficiently defined.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

In addition to the above, Plaintiffs' assertion of and attempt to maintain a putative nationwide class regarding the claims asserted in this action is unconstitutional, precluded by applicable law, and fails to satisfy the requirements of Fed. R. Civ. P. 23.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses that govern the claims asserted by Plaintiffs and on behalf of persons claimed to be members of the proposed class. Defendant reserves the right to assert such defenses following discovery proceedings.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Volkswagen Group of America, Inc. demands a trial by jury of any and all issues in this action so triable of right.

WHEREFORE Defendant Volkswagen Group of America, Inc. respectfully requests that the Court dismiss Plaintiffs' Amended Class Action Complaint, awarding Defendant all recoverable costs incurred herein, and grant such further relief as the Court deems appropriate. Respectfully submitted this 22nd day of November, 2021.

Dated: November 22, 2021

*/s/ Robert T. Adams*

**HERZFELD & RUBIN, P.C.**
Michael B. Gallub (Admitted *Pro Hac Vice*)
Homer B. Ramsey (Admitted *Pro Hac Vice*)
125 Broad Street
New York, NY 10004
Tel.: (212) 471-8500
Fax: (212) 344-3333
*mgallub@herzfeld-rubin.com*
*hramsey@herzfeld-rubin.com*

**SHOOK, HARDY & BACON LLP**
Robert T. Adams
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Tel:  (816) 474-6550
Fax: (816) 421-5547
rtadams@shb.com

Amir Nassihi (Admitted *Pro Hac Vice*)
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel:  (415) 544-1900
Fax: (415) 391-0281
anassihi@shb.com

***Attorneys for Defendants***

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, the foregoing was filed via CM/ECF system

and a copy was served via the same on the following:

Tim E. Dollar
DOLLAR BURNS & BECKER, LC
1100 Main Street, Suite 2600
Kansas City, MO  64105
timd@dollar-law.com

Bonner C. Walsh
WALSH PLLC
1561 Long Haul Road
Grangeville, ID  83530
bonner@walshpllc.com

Matthew D. Schelkopf
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA  19312
mds@sstriallawyers.com
jbk@sstriallawyers.com

Adam Gonnelli
LAW OFFICE OF ADAM R. GONNELLI LLC
7030 E. Genesee Street
Fayetteville, NY  13066
adam@arglawoffice.com

*Attorneys for Plaintiffs*

*/s/ Robert T. Adams*
Attorney for Defendants