# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EMILY DACK, et al., individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, a/k/a VOLKSWAGEN OF AMERICA, INC; and VOLKSWAGEN, AG, a/k/a VOLKSWAGEN GROUP, a foreign corporation,<br><br>    Defendants. | No. 4:20-cv-00615-BCW |

**DECLARATION OF BONNER C. WALSH IN SUPPORT OF MOTION FOR FINAL APPROVAL**

1

I, Bonner C. Walsh, declare as follows:

1. I am a member of the law firm of Walsh PLLC. I submit this declaration in support of the Plaintiffs' Motion for Final Approval. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2. Rust Consulting, Inc. ("Rust") was the claims administrator who handled class notice in this matter. A true and correct copy of the Declaration of Rust Program Manager Jason M. Stinehart describing the mailing of Class Notice and receipt of requests for exclusion is attached as Exhibit A to this declaration.

3. Objectors Brian Kearney and Gregory Lungstrum based their objections on a perceived current and future unavailability of parts needed for AEB system repair. This belief, however, was based on incorrect information supplied to them by dealers. Though unfortunate, we find that in many class cases that have warranty components, dealers often give incorrect information to customers. There are lots of potential people a customer can talk to at a dealership, and often the initial information provided is not accurate. In this matter, both Kearney and Lungstrum were contacted with the correct information. As a result, they have withdrawn their objections. Attached as Exhibit B is the signed Withdrawal of Objection by Gregory Lungstrum. Attached as Exhibit C is the signed Withdrawal of Objection by Brian Kearney. Other than the relief outlined in the settlement, no additional benefits or compensation were given to the Kearney or Lungstrom in consideration for withdrawing their objection.

4. Likewise, claims by objectors that the Volkswagen and Audi dealerships have not been provided information regarding the settlement or education program is inaccurate. Class counsel has confirmed with representatives of VW that the information has been disseminated to their dealers.

5. Opt-outs have been received by the claims administrator, Plaintiffs' Counsel, and Defense Counsel. While these are still being harmonized to ensure all opt-outs are accounted for, and it is possible that some timely mailed opt-outs may still arrive, it appears that the rounded-up approximate number of opt-outs is around 1000. The last report I received from Rust indicated that, including unreviewed/classified potential exclusions, they may have received as many as 921 requests. My team has partially reviewed a similar number of opt-outs. Of those opt-outs that were sent to Plaintiffs' Counsel, approximately 700 appear to be groups of opt-out by represented by attorneys. These opt outs have not been reviewed for duplications, so that number may decrease. Many of the opt-outs were either directly on attorney letterhead indicating this, were in the same form submitted for multiple class members, or were documents signed with DocuSign. There are several firms that specialize in this mass opt-out practice, and it can skew the number of opt-outs received. Nonetheless, an estimated one thousand opt-outs in a class where approximately 4.98 million class members received notice is miniscule. If the Court would like further discussion on the mass opt-out practice, I will be available to provide further background at the final approval hearing.

6. Some class members expressed concerns that parts may not be available during the active portions of the extended warranty. Class counsel has confirmed that VW's policy is that if an issue is identified during the warranty period but parts are not available, then the repair will be completed under the terms of the warranty when the parts become available, even if the warranty period has expired in the interim.

7. Having reviewed the letter of LeeAnn Boemer, it appears that Ms. Boemer likely wanted to object to the settlement. However, Class Counsel does not believe that guesses should be made regarding a Class Members' due process rights. On June 25, 2024 I reached out to Ms.

Boemer but did not reach her. I left a message seeking clarification of whether she intended to object to the settlement or opt out. As of June 27, 2024, I have not received a response from her. Class Counsel will either file an update with the Court, or I will provide an update at the final fairness hearing regarding any response from Ms. Boemer.

8. Attached as Exhibit D is a true and correct copy of a letter received from Jamie Jefferson.

9. Attached as Exhibit E is a true and correct copy of a letter received from LeeAnn Boemer.

10. Attached as Exhibit F is a true and correct copy of a letter received from Lavay Myles.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of June 2024 in Grangeville, Idaho.

                                           /s/ *Bonner C. Walsh*
                                           Bonner C. Walsh