**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| EMILY DACK, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; et al; | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:20-00615-CV-RK |
| v. | ) ) | |
| VOLKSWAGEN GROUP OF AMERICA, INC., A NEW JERSEY CORPORATION; AND VOLKSWAGEN, AG, A FOREIGN CORPORATION; | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

This Court, having carefully reviewed and considered all of the filed submissions relating to the proposed Class Settlement of this Action ("Settlement" or "Class Settlement") including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (Doc. 117) and exhibits thereto (the "Motion"), the supporting Declaration of counsel Bonner Walsh (Doc. 118), the Parties' Class Settlement Agreement dated October 10, 2023 with exhibits (Doc. 73-1) ("Settlement Agreement"), the Declaration of Jason M. Stinehart of Rust Consulting (Doc. 118-1), the objections to the settlement (Docs. 91, 92, 95, 96, 118-4 and 123), the withdrawals of objections (Docs. 118-2 and 118-3), the other submissions from Settlement Class Members (Docs. 97 and 115), Defendant's Memorandum of Law in Response to Objections and Requests for Exclusion and in Support of Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (Doc. 122), and all other submissions and filings in this Action; and this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (Doc. 77) ("Preliminary Approval Order") preliminarily approving the Class Settlement, provisionally

certifying, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), preliminarily appointing the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Claim Administrator, approving the form and content of the Class Notice and Claim Form, and approving and directing the dissemination of the Class Notice and Claim Form pursuant to the Parties' Class Notice Plan set forth in the Settlement Agreement ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and the approved Notice Plan having been effectuated in a timely and proper manner; and this Court having held a Final Fairness Hearing on July 17, 2024 (Doc. 126), and having considered carefully all of the submissions, arguments and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines and orders as follows:

1.      **Final Approval of the Class Settlement.** This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.  The Court hereby grants final approval of the Class Settlement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

2.      **Certification of the Settlement Class.** The Court hereby certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement, the Preliminary Approval Order (Doc. 77), and in paragraph 12 of this Order. The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are fully satisfied, to wit: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to

the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

3. **Notice of the Settlement to the Settlement Class.** The Court finds that Notice to the Settlement Class of the Class Settlement was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice constitutes the best notice practicable under the circumstances and, in all respects, satisfies the requirements of Fed. R. Civ. P. 23(e) and due process. The Court further finds that the Notice given to the Settlement Class was adequate and reasonable, and the best notice practicable under the circumstances.

4. **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Claim Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where Class Members reside and of Puerto Rico. The Court notes that none of the Attorneys General have filed any objections to, or expressed any concerns about, any aspect of the Class Settlement.

5.      **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

6.      **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues of this case including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, the risks of inability to certify a class and/or to maintain any class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

7.      **The Class Settlement is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class Action Counsel, and is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as a result of extensive and vigorous arm's-length negotiations of highly disputed claims among experienced class action counsel on both sides. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective claims and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of Class Representative service awards and Class Counsel reasonable attorneys' fees and expenses were not even discussed, let alone agreed to by the Parties, until after

4

agreement had already been reached on the material terms of this Class Settlement, and were, likewise, negotiated at arm's length and without any collusion.

8. **No Admission or Evidence of Wrongdoing.** This Class Settlement is a compromise of vigorously disputed allegations and claims. As set forth in the Settlement Agreement, the Court finds that the Settlement, the Settlement Agreement with exhibits, the underlying proceedings, and any documents, filings, submissions, statements, and Orders relating to the Settlement, including but not limited to the Preliminary Approval Order and this Final Approval Order and Judgement, do not and shall not constitute, be deemed or construed as, or be argued as: (i) any finding of either fact or law regarding the merits of any allegation, claim, fact, issue of law, or defense that was or could have been asserted in this Action, and (ii) any admission of, or evidence of, any allegation, claim, fact, or issue of law that was or could have been asserted in the Action, or (iii) any admission of, or evidence of, liability, damages, wrongdoing or responsibility on the part of any Defendant or Released Party.

9. **Appointment of Settlement Class Representatives and Settlement Class Counsel.** The Court hereby grants final approval and appointment of Plaintiffs Neeraj Sharma, Stephan Moonesar, Matthew May, Omar Oweis, Marcos Pieras, Linda Christian, Emily Dack, and Kim Hensley-Hauser as Representatives of the Settlement Class ("Settlement Class Representatives"), and of the law firms of Berger Montague, PC, Capstone Law APC, Bursor & Fisher, Walsh PLLC, Sauder Schelkopf LLC, and the Law Office of Adam R. Gonnelli, L.L.C., collectively, as Class Counsel for the Settlement Class ("Settlement Class Counsel" or "Class Counsel"). The Court finds that said Settlement Class Representatives and Settlement Class

Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

10. **Appointment of Settlement Claims Administrator.** The Court further grants final appointment of Rust Consulting as the Settlement Claims Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

11. **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement and were duly advised of the deadlines and procedures for doing so. Of the approximately 4,975,300 Class Notices that were disseminated pursuant to the Notice Plan, the Court has received only six (6) purported objections to the Settlement (Docs. 91, 92, 95, 96, 118-4 and 123), two of which were duly withdrawn (Kearney and Lungstrum, Docs. 92 and 95) and one of which (Boemer, Doc. 118-4) was not filed with the Court, as was required.[1] The Parties have received one-thousand two-hundred thirty-five (1,235) requests for exclusion, of which nine-hundred seventy-one (971) were timely and valid. Two-hundred sixty-four (264) purported requests for exclusion were untimely and/or invalid for failure to comply with one or more of the requirements for a valid request for exclusion set forth in the Preliminary Approval Order and recited in the Class Notice.

The Court finds that the miniscule number of objections and requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the Settlement, and further supports that the Class Settlement is fair, reasonable and adequate, and warranting of final approval.

---

[1] As set forth *infra*, the Court finds that most of the purported objections are invalid for failure to comply with the Court-Ordered requirements for a valid objection, and that all of the objections lack merit.

This Court has carefully considered the objections of Nancy Anderson (Doc. 91), Eve Burton (Doc. 96), and Lavay Myles (Doc. 123), the unfiled purported objection of LeeAnn Boemer (Doc. 118-4), the submissions of Karen Riggins (Doc. 97) and Jamie Jefferson (Doc. 115), and the Parties' submissions (Docs. 117 and 122) and arguments relating thereto. The Court hereby finds, determines and Orders that:

(A) The Kearney and Lungstrum objections (Docs. 92 and 95) have been duly withdrawn. Had they not been withdrawn, they would have been overruled for failure to comply with the requirements for a valid objection set forth in the Preliminary Approval Order and recited in the Class Notice. Moreover, they were without merit, and would not have, factually or legally, justified denying final approval of this Class Settlement.

(B) The Anderson objection (Doc. 91) is overruled. It is invalid for failing to comply with the following requirements for a valid objection set forth in the Preliminary Approval Order and recited in the Class Notice – to wit, by failing to provide: (i) a complete VIN of a Settlement Class Vehicle; (ii) the required proof that she is a current or former owner or lessee of a Settlement Class Vehicle, (iii) the required statement of whether she intends to appear at the Final Fairness Hearing, and (iv) the required disclosure of whether she has objected to any class settlements in the past five years. Moreover, the purported objection is without merit, and does not, factually or legally, justify denying final approval of this Class Settlement.

(C) The Burton objection (Doc. 96) is overruled. It is invalid for failing to comply with the following requirement for a valid objection set forth in the Preliminary Approval Order and recited in the Class Notice: by failing to disclose whether she has objected to any class settlements in the past five years. Moreover, the objection is without merit, and does not, factually or legally, justify denying final approval of this Class Settlement.

(D) The Myles purported objection (Doc. 123) is overruled. It is invalid for failing to comply with the following requirements for a valid objection set forth in the Preliminary Approval Order and recited in the Class Notice: (i) it failed to provide the required statement of whether she intends to appear at the Final Fairness Hearing, and (ii) the required disclosure of whether she has objected to any class settlements in the past five years. Moreover, the purported objection is without merit, and does not, factually or legally, justify denying final approval of this Class Settlement.

(E) The Boemer purported objection (Doc. 117-6) is overruled. It is invalid for failing to comply with the following requirements for a valid objection set forth in the Preliminary Approval Order and recited in the Class Notice: (i) it was not filed with the Court, as was required, and (ii) it failed to provide the required proof that she is a current or former owner or lessee of a Settlement Class Vehicle, the required statement of whether she intends to appear at the Final Fairness Hearing, and the required disclosure of whether she has objected to any class settlements in the past five years. Moreover, the purported objection is without merit, and does not, factually or legally, justify denying final approval of this Class Settlement.

(F) The submission of Karen Riggins (Doc. 97) is not an objection. If it had been an objection, it would nevertheless be invalid for failing to comply with the following requirements for a valid objection set forth in the Preliminary Approval Order and recited in the Class Notice – to wit, by failing to provide: (i) the required proof that she is a current or former owner or lessee of a Settlement Class Vehicle, (ii) the required statement of whether she intends to appear at the Final Fairness Hearing, and (iii) the required disclosure of whether she has objected to any class settlements in the past five years. Moreover, the submission is without merit, and does not, factually or legally, justify denying final approval of this Class Settlement.

(G) The submission of Jamie Jefferson (Doc. 115) is not an objection. If it was an objection it would be invalid for failing to comply with the following requirements for a valid objection set forth in the Preliminary Approval Order and recited in the Class Notice – to wit, by failing to provide: (i) the required proof that she is a current or former owner or lessee of a Settlement Class Vehicle, (ii) the required statement of whether she intends to appear at the Final Fairness Hearing, and (iii) the required disclosure of whether she has objected to any class settlements in the past five years. Moreover, the submission is without merit, and does not, factually or legally, justify denying final approval of this Class Settlement.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS**:

16. The Court certifies, for the purpose of settlement, the following Settlement Class consisting of:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, certain of the following model year vehicles equipped with an automatic emergency braking system, which were imported and distributed by VWGoA for sale or lease in the United States or Puerto Rico, and which are designated by VIN in Exhibit 4 of the Settlement Agreement: model year 2019-2023 Volkswagen Arteon; model year 2018-2023 Volkswagen Atlas; model year 2020-2023 Volkswagen Atlas Cross Sport; model year 2016-2017 Volkswagen CC; model year 2016-2021 Volkswagen Golf; 2016-2019 and 2022-2023 Volkswagen Golf R; 2016-2019 Volkswagen Golf Sportwagen; 2016-2023 Volkswagen GTI; model year 2016-2019 Volkswagen e-Golf; model year 2021-2023 Volkswagen ID.4; model year 2016-2023 Volkswagen Jetta; model year 2016-2022 Volkswagen Passat; model year 2022-2023 Volkswagen Taos; model year 2018-2023 Volkswagen Tiguan; model year 2015-2017 Volkswagen Touareg; model year 2015-2020 and 2022-2023 Audi A3, model year 2019-2023 Audi Q3, model year 2013-2023 Audi A4, model year 2013-2023 Audi A5, model year 2013-2023 Audi Q5, model year 2012-2023 Audi A6, model year 2012-2023 Audi A7, model year 2011-2023 Audi A8, model year 2017-2023 Audi Q7, model year 2019-2023 Audi Q8, model year 2019-2023 Audi e-

tron, model year 2022-2023 Audi e-tron GT, and model year 2022-2023 Audi Q4 e-tron (hereinafter "Settlement Class").

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

17. The Court hereby grants final approval of the Class Settlement as set forth in the Settlement Agreement and all of its terms and provisions. The Settlement, which was the product of extensive, vigorous, and non-collusive arm's-length negotiation among experienced class action counsel, is fair, reasonable, adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988), and finds that they support, justify, and warrant, final approval of this Class Settlement.

18. The objections of Roger Kearney (Doc. 92) and Gregory Lungstrum (Doc. 95) have duly been, and are hereby deemed, withdrawn. The Court has, in any event, carefully reviewed

these prior objections and finds that they nevertheless would have been overruled had they not been withdrawn.

19.     The objections of Nancy Anderson (Doc. 91), Eve Burton (Doc. 96), and Lavay Myles (Doc. 123), and the unfiled purported objection of LeeAnn Boemer (Doc. 118-4), are hereby overruled.

20.     The submissions of Karen Riggins (Doc. 97) and Jamie Jefferson (Doc. 115) do not constitute objections to the Class Settlement, and, if they had been objections, they would be overruled accordingly.

21.     The Court hereby excludes from the Settlement Class, on the basis of their timely and valid requests for exclusion, the nine-hundred seventy-one (971) persons and entities who are listed on Exhibit A attached hereto.

22.     The Court, upon carefully review, hereby determines that the two-hundred sixty-four (264) purported requests for exclusion that are listed in Exhibit B are untimely and/or invalid for failing to comply with one or more of the requirements for a valid request for exclusion as set forth in the Preliminary Approval Order and recited in the Class Notice. As such, these purported requests for exclusion are hereby denied, and said persons are not excluded from the Settlement Class.

23.     The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

24.     The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, and the terms of the Settlement Agreement, and of this Final Order and Judgment, shall be forever and in all respects be binding upon, and

shall have full *res judicata* and preclusive effect for, the Released Claims against Defendant and all Released Parties except for the 971 persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

25.     The Action is hereby dismissed with prejudice, and without costs.

26.     Neither this Settlement, the Settlement Agreement, its underlying negotiations and proceedings, nor any agreements, documents, submissions, statements and Orders relating thereto, including this Final Approval Order and Judgment, shall in any way constitute, be deemed or construed as, and/or be argued as: (i) any admission or evidence by any Party as to the merits of any factual or legal allegation or claim that was or could have been asserted in this Action, (ii) any finding of either fact or law, or any evidence as to any claim or defense that was or could have been asserted in this Action, and/or (iii) any admission or evidence of any liability, wrongdoing or responsibility on the part of the Defendants or any Released Party. This Final Order and Judgment, and the Settlement, shall not be offered or be admissible as evidence in any action or proceeding, judicial or otherwise, against any Defendant, Released Party, or the Plaintiffs, except to enforce any terms of the Settlement Agreement including the Release of Claims, and/or this Final Order and Judgment.

28.     In the event that any provision of the Settlement or this Final Order and Judgment is asserted by Defendants or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s), that claim, suit, action and/or

proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

29.     Without further Order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Final Approval Order and Judgment and any obligations thereunder.

30.     Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, or prosecuting any Released Claim against any Defendant and/or Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction are necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and they are Ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

31.     Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive and continuing jurisdiction of this Court, of, over, and with respect to, the consummation, implementation, and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement, which exclusive jurisdiction includes, without

limitation, or any other applicable law, to enforce the above-described bar and injunction against commencement and prosecution of any Released Claim against any Defendant or Released Parties.

32.  Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action or proceeding, whether in a state or federal court or any other tribunal.

33.  The Clerk is hereby directed to enter this Final Approval Order and Judgment accordingly.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  August 26, 2024